CADY, Chief Justice
(concurring specially).
I concur in the result, but not because the right to counsel under the Iowa Constitution did not attach at the time the State initiated the implied-consent process. Even assuming the right to counsel did attach under the Iowa Constitution, I conclude Senn was not deprived of the right and that he has not shown the counsel he received was ineffective.
Senn claims that the decision to refuse or submit to a chemical test following an arrest for the crime of operating while intoxicated was a critical stage in the proceedings that supports the right to counsel. He claims the decision is a critical stage because legal counsel is needed to advise the arrestee of all of the consequences of the implied-consent process and its full impact. Nevertheless, Senn was in fact provided an opportunity to consult with an attorney before making the decision. He also took advantage of the opportunity by talking to an attorney on the telephone for twenty-eight minutes before making a decision.
Senn claims the conversation he had with the attorney did not satisfy the constitutional right to counsel. However, no evidence was introduced to explain how the conversation was inadequate in light of its purpose. Senn instead assumes the conversation was inadequate because a law enforcement officer could overhear his side of the conversation. This assumption is not warranted.
Senn essentially claims the constitutional right to counsel once implied consent is invoked should be greater than the statutory right to a phone conversation with an attorney in the presence of a law enforcement officer or a private in-person consultation. See Iowa Code § 804.20 (2013). Yet this claim was not supported by evidence that the advice Senn needed at that moment could only be provided through a private phone conversation. It may be understandable that some attorneys want to personally assess the condition of a person arrested for operating while intoxicated before giving advice on whether or not to submit to the request for a chemical test. See State v. Walker, 804 N.W.2d 284, 287-88 (Iowa 2011) (detailing how an attorney’s advice was impeded by a physical barrier between the attorney and his client and by video surveillance). However, this in-person assessment does not establish a minimum constitutional standard of counsel. Without evidence that effective counsel could not be provided by the type of phone call permitted in this case, I cannot conclude that the constitutional right to counsel would require any more legal assistance than Senn was provided in this case. Furthermore, Senn offered no evidence that the police officer’s ability to hear his side of the phone call rendered the assistance ineffective.
We normally do not address constitutional claims in a case that can be resolved on other grounds. See State v. Hellstern, 856 N.W.2d 355, 360 (Iowa 2014) (“We ... decide the statutory issue first in order to avoid unnecessary adjudication of constitutional claims.”). This case falls within that rule. Senn was not denied any constitutional right to counsel because the facts of the case do not reveal that he failed to receive advice from counsel to assist in deciding to take a chemical test. For that reason, I concur only in the result in this case.